## LINUS GRAVES
### v.
## CITY OF BLOOMINGTON.

1. ORDINANCE REQUIRING BURIAL PERMITS.—Power to regulate burial permits may properly be conferred on municipal corporations. And such power will be held to be given by authority to make police regulations or to pass by-laws respecting the health, good government and welfare of the place. The court is of opinion that the city's charter gave authority to pass the ordinance in question as to burial permits.

2. CONSTRUCTION OF ORDINANCE.—Parties who, as a matter of business and for compensation, prepare the grave and fill it up after the body has been placed therein, are embraced within the provisions of the ordinance.

APPEAL from the Circuit Court of McLean county; the Hon. O. T. REEVES, Judge, presiding. Opinion filed December 4, 1885.

Mr. F. Y. HAMILTON and Messrs. FIFER & PHILLIPS, for appellant.

Mr. T. C. KERRICK, for appellee.

WALL, P. J. The city of Bloomington adopted an ordinance with regard to burial permits, providing in substance as follows:

Sec. 1. No burial shall be lawful in said city until a permit therefor shall have been first obtained from the city clerk.

Sec. 2. Each permit shall be issued by the city clerk on the usual certificate of death, signed by the attending physician, etc.

Sec. 3. Any undertaker or sexton and each and every person engaged or concerned in a burial, in violation of the provisions of this ordinance, shall be subject to a fine, etc.

Sec. 4. Provides for a record of permits to be kept by the city clerk.

The appellant was the general manager and chief stockholder of the Bloomington Cemetery Association, keeping an office on its grounds and devoting his time to its affairs. He sold a lot in the cemetery, within the city limits, to one Falk, and contracted with him to dig a grave for the burial of Falk's son. On the next day an employe of the appellant, at his request, dug the grave and filled it up after the body was deposited therein. Appellant was present, directed the person in charge of the funeral procession the way to the grave, but took no other part in the interment.

No permit was obtained for this burial, as required by the ordinance, and this prosecution is to recover the penalty provided in section three. The case was tried by the court without a jury, by consent, and the finding was for the plaintiff. The first question is as to the validity of the ordinance. The charter of the city grants power to make any and all regulations necessary to secure, protect, preserve and restore the general health and to prevent the introduction of contagious diseases; also to regulate the police of the city, impose fines and forfeitures for the breach of any ordinance, etc. Items 3 and 27, Sec. 32, P. L. 1861, page 110 and 113. Dillon on Municipal Corporations, Vol. 1, Sec. 306, (2d Ed.) considering the subject of cemeteries and burials says: "The public health, comfort and convenience are concerned in the proper regulation of burials, and the evils resulting from its neg-

lect are especially to be apprehended in the crowded popula-
tions of cities.

"Power to regulate this matter may properly be conferred
on Municipal Corporations; and power will be held to be
given by authority to make police regulations, or to pass by-
laws respecting the health, good government and welfare of
the place." The cases cited by the author support the propo-
sition stated in the text. We entertain no doubt that the
charter gives authority to pass this ordinance.

Its provisions are not unreasonable and are justified by the
duty of the city to preserve the public health, prevent con-
tagious diseases, and to detect and punish crime.

It is urged by appellant that this ordinance violates the
chartered rights of the cemetery association which was incorpo-
rated before the city. We are unable to see anything in
the charter which exempts it from the operation of the gen-
eral laws of the State or the city. The corporation thus cre-
ated is enabled to transact certain business, and own certain
property, which would be competent for a natural person
without a charter, but for which the artificial person thus cre-
ated must have legislative authority. No exemptions are
granted by the express terms of the charter, and none are nec-
essarily to be implied from what is expressly provided.

No reason is suggested why this artificial person should en-
joy a privilege in this respect which would not be conceded to
a natural person engaged in the same business and owning the
same property. This objection is untenable.

It is also urged that the evidence fails to show that the ap-
pellant violated the ordinance.

The provision of section three includes "the undertaker or
sexton, and each and every person engaged or concerned in a
burial." The appellant may be regarded as the sexton. He
contracted to dig the grave, had it dug by his servant and
filled it up.

This also brings him within the words, "Every person engaged
or concerned in a burial." This phrase is very general, and
while it would not be construed to include all those who might
be present, and from motives of friendship or sympathy, assist-

. ing in the interment, yet it would include those who cause or procure the burial and are responsible for the expense of it, and those who as a matter of business and for compensation prepare the grave and fill it up after the body has been placed therein. We are therefore of opinion that the judgment of the circuit court should be affirmed.

Affirmed.